# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

HONEOYE CENTRAL SCHOOL DISTRICT,

                         Plaintiff,

-vs-                                       DECISION & ORDER

S.V. *as Parent and Next Friend of J.V., a Child with a Disability*,                         09-CV-6407-CJS

                         Defendant.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Jeffrey J. Calabrese, Esq. |
| | Meghan M. Lynch, Esq. |
| | Harter, Secrest & Emery LLP |
| | 1600 Bausch & Lomb Place |
| | Rochester, NY 14604-2711 |
| | (585) 231-1280 |
| For Defendant: | Jeffrey Wicks, Esq. |
| | Jeffrey Wicks, PLLC |
| | 36 West Main Street Suite 318 |
| | Rochester, NY 14614 |
| | (585) 325-6070 |

## INTRODUCTION

**Siragusa, J.** This is a New York State lawsuit removed by Defendant ("S.V."), who is the plaintiff in a companion case before this Court, *S.V. v. Honeoye Central School Dist., et al.*, No. 09-CV-6163. This matter is before the Court on the motion of Honeoye Central School District ("Honeoye") (Docket No. 3) for remand under the removal statute and a cross-motion by S.V.(Docket No. 8) for attorney fees. Honeoye alleges that the Court has no subject matter jurisdiction and the case must be remanded, whereas S.V. counters that

the matter is properly before the Court under the Individuals with Disabilities Education Act ("IDEA"), among other Federal claims. For the reasons stated below, Honeoye's motion is granted and S.V.'s motion is denied.

## BACKGROUND

This action involves a blind child whose mother alleges is not receiving a fair and appropriate public education in the Honeoye school district. Honeoye's complaint alleges the following:

> 4. J.V. is a student in the Honeoye Central School District.
>
> 5. On April 4, 2008, S.V. filed a due process hearing request pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. §§ 1400 et seq. and related New York Regulations (8 N.Y.C.R.R. §§ 200.1 et seq.), seeking relief pursuant to J.V.'s individualized education program (IEP) recommended by Honeoye's Committee on Special Education (CSE).
>
> 6. After the filing of the due process hearing request, S.V., proceeding pro se and with the assistance of an education advocate, David Rostetter, Ed., Ph.D., president of Education Policies Solutions Limited, negotiated a written settlement of her due process hearing request. The written settlement agreement is known as the "Joint Action Plan."
>
> 7. The applicable regulations allow a non-attorney to represent a parent in connection with the impartial hearing process.
>
> 8. Under the Joint Action Plan, the District and S.V. agreed, among other things, that a group of experts in various fields would be convened in order to assess J.V.'s needs and work together with school-based providers to develop a plan of services for J.v. based on the assessment.
>
> 9. The Joint Action Plan contemplated that the District would incorporate the recommendations of the experts into IV.'s IEP.
>
> 10. In exchange, S.V. agreed in the Joint Action Plan that "upon incorporation [of] the experts' recommendations into IV.'s IEP, she shall withdraw her April 4, 2008 request for an impartial hearing and shall waive and release the Honeoye Central School District from any and all claims under § 1415 of the Individuals with Disabilities Education Act ("IDEA")."

11. In accordance with the Joint Action Plan, the District incorporated the experts' recommendations into J.V.'s IEP.

12. Notwithstanding the terms of the Joint Action Plan, S.V. has failed and refused to withdraw her April 4,2008 request for an impartial hearing and failed and refused to waive and release the Honeoye Central School District from any and all claims under § 1415 of the IDEA.

CLAIM FOR RELIEF

13. Honeoye repeats and realleges paragraphs 1-12 above.

14. S.V. has breached the Joint Action Plan.

15. Honeoye has performed its obligations under the Joint Action Plan.

16. By reason of the foregoing, Honeoye is entitled to judgment of this Court declaring that S. Y. has breached the settlement agreement and ordering S. Y. to withdraw her April 4, 2008 request for an impartial hearing and waive and release the Honeoye Central School District from any and all claims under § 1415 of the IDEA.

17. The District has no adequate remedy at law.

WHEREFORE, Honeoye demands judgment declaring that S.Y. has breached the joint action plan, shall withdraw her April 4, 2008, request for an impartial hearing, and shall waive and release Honeoye from any and all claims under § 1415 of the IDEA, and granting Honeoye such other and further relief which as to the Court may seem just, proper and equitable, including an award of attorneys fees, if appropriate under the law.

(Compl. ¶¶ 4–17.)

## STANDARDS OF LAW

The removal statute provides in pertinent part as follows:

§ 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of

removal under this chapter [28 U.S.C. §§ 1441 *et seq*.], the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to thecitizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [28 USCS § 1331] is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.…

§ 1447. Procedure after removal generally…

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 U.S.C. § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1441(a)–(c) (2002) & 28 U.S.C. § 1447(c) (1996).

## ANALYSIS

*Motion to Remand*

S.V. filed her notice of removal on August 7, 2009. Since Honeoye contends that the Court is without jurisdiction to hear the case, § 1447(c) does not bar its motion for remand. In the memorandum of law in support of its motion, Honeoye argues that the original action it brought in State court did not arise under the Constitution, treaties, or laws of the United States, and that consequently, the Court is without jurisdiction to adjudicate it. *See* 28 U.S.C. § 1441(b). The burden of proving jurisdiction in a removed case is upon

the party that removed the action from State court, in this case S.V. *United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994). The complaint filed in State court alleged a breach of contract, an area of law ordinarily not supporting original jurisdiction on Federal courts under § 1441. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) ("enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). Here, though, S.V. asserts that Honeoye's argument, "flies in the face of the fact that Defendant has already successfully removed the present case to federal court and there has been no action on the case to change its underlying facts or allegations." (S.V.'s Mem. of Law, at 4.) S.V. also contends that since the original issue arose under a Federal statute, the Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal question jurisdiction. (*Id.*) In support of this argument, S.V. cites to *Still v. DeBuono*, 927 F. Supp. 125 (S.D.N.Y. 1996), *vacated and remanded by Malkentzos v. DeBuono*, 102 F.3d 50 (2d Cir. 1996), *aff'd Still v. DeBuono*, 101 F.3d 888 (2d Cir. 1996). However, *DeBuono* involved the interpretation and application of the IDEA, a requirement not present in this case involving adjudication of a breach of contract claim. S.V. also cites to *Shea v. Union Free School District of Massapequa*, 682 F. Supp. 2d 239 (E.D.N.Y. 2010). In that case, however, the district court determined that although "the plaintiffs never directly state the nature of their causes of action[; n]evertheless, the Court finds that at least some of the plaintiffs' claims 'arise under the Constitution [or] laws…of the United States.'" *Shea*, 682 F. Supp. 2d at 241.

In the removed complaint before the Court, the only issue is whether S.V. breached the settlement agreement. Although the underlying lawsuit concerned claims under the IDEA, the complaint filed by Honeoye does not rely on the IDEA, nor would an adjudication of its claim require application of the IDEA. As Honeoye has pointed out in its original and reply memoranda of law,

> there are only two types of settlement agreements under the IDEA that give rise to a federal question: (1) resolutions reached through the "mediation process" pursuant to 20 U.S.C. § 1415(e)(2)(f), and (2) those reached at a "resolution session" pursuant to 20 U.S.C. § 1415(f)(1)(B). *H.C. v. Colton-Pierrepont Cent. Sch. Dist.*, [341 Fed. Appx. 687,] 2009 U.S. App. LEXIS 15909 at *6-7 (2d Cir. 2009) (unpublished) (previously attached to the District's Motion to Remand, Dkt. No. 3).

(Honeoye's Reply Mem. of Law, at 5–6.) The *H.C.* case is particularly instructive here. In that case, the Second Circuit wrote that, "plaintiff seeks to enforce only those provisions of the May 19, 2006 settlement agreement that required defendants to supply H.C. with a table, chair, computer, software, and certain computer accessories, within six weeks of the date of the agreement." H.C., 341 Fed. Appx. at 690. The Court continued:

> This enforcement dispute is purely a matter of determining defendant's obligation under the settlement agreement. It does not concern the "identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). As such, resolution of the dispute will not benefit from the "discretion and educational expertise [of] state and local agencies, [or the] full exploration of technical educational issues" related to the administration of the IDEA.

*Id*. Once the Second Circuit reached that conclusion, it reversed the district court's decision, holding that,

> Whether the district court had federal question jurisdiction to enforce the settlement agreement in the first instance presents a closer question. Contract enforcement is generally a question of state law. Congress has expressly provided for enforcement of IDEA settlement agreements in federal district courts when the agreement at issue was entered into "through

> the [IDEA] mediation process," 20 U.S.C. § 1415(e)(2)(F), or at a "resolution session" required by § 1415(f)(1)(B), see id. § 1415(f)(1)(B)(iii). On the record before us, neither party asserts that the May 19, 2006 settlement agreement emerged "through the mediation process" or "at" a "resolution meeting.…" It is left to the party "asserting subject matter jurisdiction [to] prov[e] by a preponderance of the evidence that [jurisdiction] exists." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). Thus, we leave it to the district court on remand to determine in the first instance if there is a jurisdictional basis for considering plaintiff's contract claim.

*Id.*, at 691. On remand, the district court determined that the plaintiff "failed to assert or prove by a preponderance of evidence that subject matter jurisdiction exists regarding the contract claim." Order, *H.C. v. Colton-Pierrepont Central School Dist.*, No. 7:07-CV-944 (N.D.N.Y. Sep. 3, 2009).

As was evidently the situation in *H.C.*, the claim in this case is merely one of contract law. The complaint does not allege that the settlement agreement was reached pursuant to the two means, detailed above, by which the IDEA would confer jurisdiction on this Court. In the Notice of Removal, S.V. infers jurisdiction from the IDEA. However, this case, like *H.C.*, does not arise under the IDEA or in any other way provide this Court with subject matter jurisdiction. Based on the complaint, the matter is one arising under contract law and the complaint does not provide a basis for jurisdiction in Federal court. S.V. has not distinguished her situation from the one in *H.C.* If the settlement agreement is enforceable, it means that S.V. voluntarily removed this matter from the IDEA's system of adjudication based on Honeoye's agreement to implement the terms of the settlement by incorporating into J.V.'s IEP the agreed-upon provisions. The lawsuit before this Court is not whether J.V. will obtain a free and appropriate public education, but whether the contract entered into between S.V. and Honeoye is enforceable. As with the situation in *H.C.*, the settlement agreement was made outside of a "resolution session" or during

mediation. Accordingly, there is no basis for its enforcement under the IDEA, and, consequently, no basis for Federal subject matter jurisdiction. *See El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 428 n.11 (5th Cir. 2009) ("If R.R. had accepted EPISD's written settlement offer, made the day of the resolution meeting, then the parties would have entered into the 'legally binding agreement' contemplated by 20 U.S.C. § 1415(f)(1)(B)(iii)." Such an agreement would have been enforceable in Federal court.). Interestingly, S.V. appears to concede the lack of jurisdiction in this Court by asserting that Honeoye, "and [its] attorneys appeared to have structured the 'Joint Action Plan' as a deliberate dodge of federal jurisdiction." (S.V.'s Mem. of Law, at 8.) S.V. further argues that she,

> appeared *pro se* with an educational expert Dave Rossiter who clearly did not understand or advise her regarding the import of a "Joint Action Plan" rather than a formal mediation process or resolution session…. Given the significant rights at stake in the education of a disabled child, this court should not allow school districts to fashion creative alternative procedures to subvert enforcement of their obligations under IDEA.

(*Id.*) Further, at oral argument, S.V's attorney conceded they never went through the impartial hearing, an administrative prerequisite to bringing suit under IDEA, and, further still, essentially argued that his clients got hoodwinked into entering the agreement.

Should S.V.'s arguments prevail, the court adjudicating the contract claim at issue here could very well decide that the settlement agreement is not enforceable. Nevertheless, that possibility does not confer jurisdiction on this Court to decide the claim at issue.

*Compulsory Counterclaim*

The Court notes that it has before it a separate companion case in which S.V. is suing Honeoye under the IDEA. In that matter, at the oral argument of S.V.'s motion for a preliminary injunction, the issue of this settlement agreement was raised by S.V. Though Honeoye specifically contests whether S.V. exhausted her administrative remedies in that case (*see* Honeoye's Reply Mem. of Law, at 5 n.2), the Court is unclear why the claim in this matter was not raised as an affirmative defense, or counter-claim, in the companion case. As S.V. has pointed out, Federal Rule of Civil Procedure 13 reads in pertinent part as follows:

> Rule 13. Counterclaim and Crossclaim
>
> (a) Compulsory Counterclaim.
>
> (1) In General. A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>
> (2) Exceptions. The pleader need not state the claim if:
>
> (A) when the action was commenced, the claim was the subject of another pending action; or
>
> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Fed. R. Civ. P. 13(a). As the Second Circuit wrote in *Ginther v. Provident Life & Cas. Ins. Co.*, 350 Fed. Appx. 494, 496 (2d Cir. 2009):

> A claim is compulsory if "a logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (internal quotation marks omitted). Furthermore, "[i]f a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Id*.

*Id*. at 496. Here, the essential facts of the contract action are so logically connected with the companion case, that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. Honeoye filed its complaint in State court on August 5, 2009. (Notice of Removal ¶ 1.) The companion case, *S.V. v. Honeoye Central School Dist., et al.*, No. 09-CV-6163, was commenced on April 10, 2009, but never served. An amended complaint was filed on August 5, 2009, in the 09-CV-6163 case, and that was served on Honeoye (though the docket does not reflect the date) and, on August 25, 2010, Honeoye answered that complaint. As Jeffrey J. Calabrese, Esq., relates in his affidavit supporting Honeoye's motion:

> while we were waiting for Mr. Wicks to advise us of his position, it appears that he was quickly preparing to file and serve an amended complaint. In short, Mr. Wicks filed a federal complaint, did not serve that complaint for four months, participated solely in the impartial hearing process, did not respond (as promised) to Harter Secrest regarding the District's anticipated state court breach of contract complaint, and quickly amended, filed and served an amended federal complaint. Defendant's criticism of our actions is simply not fair or justified.

(Calabrese Decl. ¶ 12.)

In the interest of judicial economy and fairness, the Court will entertain a motion to permit Honeoye to raise the settlement agreement in the companion case. However, with regard to the removed action, its motion is granted and the matter is remanded. The Court will not award attorney fees.

**CONCLUSION**

Defendant Honeoye Central School District's motion (Docket No. 3) to remand is granted and this matter is remanded to New York Sate Supreme Court in Ontario County. Plaintiff S.V.'s cross-motion for attorney fees is denied.

IT IS SO ORDERED.

Dated: January 24, 2011
       Rochester, New York

              ENTER:

                           /s/ Charles J. Siragusa
                           CHARLES J. SIRAGUSA
                           United States District Judge